UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHARLES S. LONGSHORE,<br><br>                      Plaintiff,<br>    v.<br><br>STEVE SCOTT (Mason County Superior Court Deputy Prosecuting Attorney),<br><br>                      Defendant. | No. C11-5249 RBL/KLS<br><br>**REPORT AND RECOMMENDATION**<br>**Noted For:  June 10, 2011** |

On March 29, 2011, Plaintiff filed his proposed civil rights complaint. ECF No. 1-1. His application to proceed *in forma pauperis* (ECF No. 1) is pending. The Court found Plaintiff's complaint to be deficient because he is attempting to sue for compensatory damages for an alleged unconstitutional conviction, but failed to allege that his conviction or sentence has been reversed, expunged, or declared invalid. On April 13, 2011, the Court advised Plaintiff that his complaint was deficient and ordered Plaintiff to file an amended complaint stating a viable cause of action under 42 U.S.C. § 1983, or to show cause why his complaint should not be dismissed. ECF No. 6.  Plaintiff has filed an amended complaint (ECF No. 7), but the amended complaint suffers from the same deficiencies.  Plaintiff also alleges that the underlying state proceeding of which he complains is ongoing.

The undersigned recommends that the action be dismissed without prejudice prior to service and Plaintiff's motion to proceed *in forma pauperis* (ECF No. 1) be denied because Plaintiff's claims are not cognizable under 42 U.S.C. § 1983.

REPORT AND RECOMMENDATION - 1

**DISCUSSION**

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b)(1), (2) and 1915(e)(2); See *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

A complaint is legally frivolous when it lacks an arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Neitzke*, 490 U.S. at 327.  A complaint or portion thereof, will be dismissed for failure to state a claim upon which relief may be granted if it appears the "[f]actual allegations . . . [fail to] raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true."  See *Bell Atlantic, Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007) (citations omitted).  In other words, failure to present enough facts to state a claim for relief that is plausible on the face of the complaint will subject that complaint to dismissal.  *Id*. at 1974.

The court must construe the pleading in the light most favorable to plaintiff and resolve all doubts in plaintiff's favor.  *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  Although complaints are to be liberally construed in a plaintiff's favor, conclusory allegations of the law, unsupported conclusions, and unwarranted inferences need not be accepted as true.  *Id.*  While the court can liberally construe plaintiff's complaint, it cannot supply an essential fact an inmate

REPORT AND RECOMMENDATION - 2

has failed to plead. *Pena*, 976 F.2d at 471 (quoting *Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)).

To state a claim under 42 U.S.C. § 1983, a complaint must allege that the conduct complained of was committed by a person acting under color of state law and that the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), overruled on other grounds, *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).

When a person confined by government is challenging the very fact or duration of his physical imprisonment, and the relief he seeks will determine that he is or was entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). In order to recover damages for an alleged unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

In his original complaint, Plaintiff sought to have to have the prosecuting attorney, his defense counsel, and a Superior Court Judge removed from his Lewis County criminal case and asks that he be allowed "to start over fresh." Plaintiff alleged, *inter alia,* that his attorney and the prosecuting attorney breached his attorney-client privilege, and that the terms of his plea

REPORT AND RECOMMENDATION - 3

agreement were misrepresented to him and that he, in fact, received a higher sentence that ran consecutively instead of concurrently.  ECF No. 1-1, pp. 2-4.[1]

Plaintiff was advised that, because he seeks an earlier release from confinement, his action is not cognizable under 42 U.S.C. § 1983 and the proper course of action to challenge his incarceration is through a habeas corpus petition, which he must first file in state court.  ECF No. 6, p. 4.  He was also advised that a state prosecuting attorney who acts within the scope of his or her duties in initiating and pursuing a criminal prosecution and presenting the State's case is absolutely immune from a suit brought for damages under 42 U.S.C. § 1983, *Imbler v. Pachtman*, 424 U.S. 409, 424, 427 (1976); *Ashelman v. Pope*, 793 F.2d 1072, 1076, 1078 (9th Cir. 1986) (en banc), "insofar as that conduct is 'intimately associated with the judicial phase of the criminal process,'" *Burns v. Reed*, 500 U.S. 478, 486 (1991)(quoting *Imbler*, 424 U.S. at 431).  This is so even though the prosecutor has violated a plaintiff's constitutional rights, *Broam v. Bogan*, 320 F.3d 1023, 1028-29 (9th Cir. 2003), or the prosecutor acts with malicious intent, *Genzler v. Longanbach*, 410 F.3d 630, 637 (9th Cir.), *cert. denied*, 546 U.S. 1031, 126 S. Ct. 736, 546 U.S. 1031, 126 S. Ct. 737, 546 U.S. 1032, 126 S. Ct. 749 (2005); *Ashelman*, 793 F.2d at 1078.

In his amended complaint, Plaintiff states that he is suing Steve Scott personally for his personal wrongdoings, including speaking to Plaintiff's defense counsel under the pretense that Plaintiff had waived his attorney-client privilege and obtaining confidential information to build the state's case.  ECF No. 7, p. 3.  Plaintiff also asks the Court to grant a change of venue in his

---

[1] In another case filed on the same day, Plaintiff sought to sue Ronald E. Sergi, his court appointed defense counsel, for breaching his attorney-client privilege in the same criminal case. *Longshore v. Sergi,* C11-5248BHS.  In that case he similarly requested a "new process" and a "fair trial," and monetary damages against Mr. Sergi. CF No. 1-1, p. 4.  An Order to Show Cause similar to the one issued in this case was entered in C11-5248BHS.  A Report and Recommendation similar to this one will also be entered in C11-5248BHS.

REPORT AND RECOMMENDATION - 4

state case because "Steve Scott is still on my case no action has been taken by Superior Court to dismiss. Judge Toni A. Sheldon allowed to proceed. 5-10-11 is me [sic] next court date to argue my motions …". ECF No. 7, p. 4.

Plaintiff's attempt to "focus" his complaint on the personal actions of the prosecutor is to no avail. Even if his allegations are limited to the actions of the prosecutor, such a claim would "necessarily imply the invalidity" of his criminal trial and continuing incarceration. *Heck*, 512 U.S. at 487. In creating the favorable termination rule in *Heck*, the Supreme Court relied on "the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Heck*, 511 U.S. at 486 (emphasis added); see also *Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1139 (9th Cir.2005). This is precisely what Plaintiff attempts to accomplish here. Therefore, to satisfy *Heck's* "favorable termination" rule, Plaintiff must first allege facts which show that the conviction and/or sentence which forms the basis of his § 1983 Complaint has already been: (1) reversed on direct appeal; (2) expunged by executive order; (3) declared invalid by a state tribunal authorized to make such a determination; or (4) called into question by the grant of a writ of habeas corpus. *Heck*, 512 U.S. at 487 (emphasis added); see also *Butterfield v. Bail*, 120 F.3d 1023, 1025 (9th Cir.1997). Plaintiff alleges no facts sufficient to satisfy *Heck*. Thus, because Plaintiff seeks damages for allegedly unconstitutional criminal proceedings and because he has not, and apparently cannot currently show his conviction has been invalidated, either by way of direct appeal, state habeas or pursuant to 28 U.S.C. § 2254, a section 1983 claim for damages cannot yet be maintained, *see Heck*, 512 U.S. at 489-90, and this action must be dismissed without prejudice. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir.1995) (finding that an action barred by *Heck* has not yet accrued and thus, must be dismissed without prejudice so that the plaintiff may reassert his § 1983 claims if he ever

REPORT AND RECOMMENDATION - 5

succeeds in invalidating the underlying conviction or sentence); *accord Blueford v. Prunty*, 108 F.3d 251, 255 (9th Cir.1997).

As noted above, Plaintiff indicates in his amended complaint that his state case is ongoing and that his next court date is May 210, 2011. ECF No. 7, p. 4. Generally, federal courts will not intervene in a pending criminal proceeding absent extraordinary circumstances where the danger of irreparable harm is both great and immediate. See *Younger v. Harris*, 401 U.S. 37, 45  46 (1971); see also *Fort Belknap Indian Community v. Mazurek*, 43 F.3d 428, 431 (9th Cir.1994), cert. denied, 116 S.Ct. 49 (1995) (abstention appropriate if ongoing state judicial proceedings implicate important state interests and offer adequate opportunity to litigate federal constitutional issues); *World Famous Drinking Emporium v. City of Tempe*, 820 F.2d 1079, 1082 (9th Cir.1987)(Younger abstention doctrine applies when the following three conditions exist: (1) ongoing state judicial proceeding;  (2) implication of an important state interest in the proceeding;  and (3) an adequate opportunity to raise federal questions in the proceedings).

Only in the most unusual circumstances is a petitioner entitled to have the federal court intervene by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts. *Drury v. Cox*, 457 F.2d 764, 764 65 (9th Cir.1972). See *Carden v. Montana*, 626 F.2d 82, 83 84 (9th Cir.), cert. denied, 449 U.S. 1014 (1980). Extraordinary circumstances exist where irreparable injury is both great and immediate, for example where the state law is flagrantly and patently violative of express constitutional prohibitions or where there is a showing of bad faith, harassment, or other unusual circumstances that would call for equitable relief. *Younger*, 401 U.S. at 46, 53-54. Plaintiff has alleged no extraordinary circumstances warranting intervention by this Court in any ongoing state proceeding.

REPORT AND RECOMMENDATION - 6

## CONCLUSION

Plaintiff has failed to state a cognizable claim under 42 U.S.C. § 1983. Therefore, this action should be **DISMISSED WITHOUT PREJUDICE**. Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 1) should be **DENIED.**

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **June 10, 2011**, as noted in the caption.

**DATED** this   23rd   day of May, 2011.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 7